**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Otis Evon Walters, | No. CV-26-03233-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| TransUnion, | |
| Defendant. | |

In his First Amended Complaint ("FAC"), *pro se* Plaintiff alleges that Defendant Trans Union LLC ("Trans Union") furnished consumer credit reports that contained "inaccurate, incomplete, misleading, and disputed" information regarding "Toyota Financial Services related collection accounts." (Doc. 7 ¶ 6.) More specifically, the FAC alleges that Plaintiff received collection notices from three different non-party entities "regarding an alleged Toyota Financial Services related debt," that each collection notice "reflected" a particular "alleged balance," and that Trans Union then "inaccurately and misleadingly reported and/or verified" this information even though he disputed it. (*Id.* ¶¶ 11-20.) The FAC further alleges that Trans Union "failed to reasonably reinvestigate the disputed information." (*Id.* ¶ 21.) Based on these allegations, Plaintiff asserts three claims under the Fair Credit Reporting Act ("FCRA"). Count One is a claim under 15 U.S.C. § 1681e(b), Count Two is a claim under § 1681i, and Count Three is a claim for "Willful and/or Negligent Noncompliance with the FCRA." (*Id.* ¶¶ 23-33.)

Now pending before the Court are two motions: (1) Trans Union's Rule 12(b)(6)

motion to dismiss (Doc. 11); and (2) Trans Union's motion to restrict access to certain portions of the docket (Doc. 14). The first motion is now fully briefed (Docs. 12, 13),[1] the second motion is unopposed, and neither side requested oral argument.  For the reasons that follow, both motions are granted.

## DISCUSSION

I.    Motion To Dismiss

    A.    **Legal Standard**

Under Rule 12(b)(6), "to survive a motion to dismiss, a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings, Int'l, LLC*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted).  However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-80.  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

    B.    **Analysis**

In Count One of the FAC, Plaintiff asserts a claim under § 1681e(b) of the FCRA. One of the required elements of that claim is that the underlying consumer credit report contained inaccurate information.  *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) ("To bring a § 1681e claim, the consumer must present evidence tending to

---

[1]    Plaintiff filed his response on June 16, 2026 and Trans Union filed its reply on June 24, 2026.  (Docs. 12, 13.)  Nevertheless, on July 16, 2026, Plaintiff purported to file a new response.  (Doc. 15.)  That filing was procedurally improper, so it may be disregarded here, and in any event the arguments in the second response do not change the dismissal analysis.

show that a CRA [credit reporting agency] prepared a report containing inaccurate information.") (cleaned up).

In Count Two of the FAC, Plaintiff asserts a claim under § 1681i of the FCRA. That claim, too, requires proof of an inaccuracy. *Shaw*, 891 F.3d at 756 ("[A]lthough § 1681i does not on its face require that an actual inaccuracy exist, we, as with § 1681e claims, have imposed such a requirement. Requiring an inaccuracy, even absent an express statutory mandate, is consistent with the FCRA's purpose to protect consumers from the transmission of inaccurate information about them.") (cleaned up). *See also id.* ("[T]o sustain either a § 1681e or a § 1681i claim, a consumer must first make a prima facie showing of inaccurate reporting by the CRA.") (cleaned up).

Finally, in Count Three, Plaintiff asserts a claim for "Willful and/or Negligent Noncompliance with the FCRA." (Doc. 7 at 4.) Assuming that Plaintiff, in light of his *pro se* status, was attempting to assert claims under § 1681n for willful noncompliance and § 1681o for negligent noncompliance, those claims are dependent on the validity of Counts One and Two. *Golden v. TransUnion, LLC*, 2026 WL 712565m *3 (C.D. Cal. 2026) ("[G]iven that Plaintiff has not sufficiently stated any claims under FCRA, Plaintiff may not recover under sections 1681n and 1681o."). Thus, they also require proof of an inaccuracy.

Trans Union contends the FAC fails to satisfy this requirement because it offers "only vague, generalized, and conclusory allegations" and "fails to identify the specific information that was allegedly 'inaccurate, incomplete, [and] misleading.'" (Doc. 11 at 2.) According to Trans Union, "[w]hile Plaintiff identifies three 'collection accounts' in his Amended Complaint, he fails to identify what, if anything, is patently false or misleading about Trans Union's reporting." (*Id.* at 4.)[2] In response, Plaintiff argues that the FAC properly alleges an inaccuracy because it "identifie[s] specific accounts, specific balances,

---

[2] Trans Union also argues that the FAC's allegations regarding the insufficiency of its reinvestigation and procedures are too conclusory, that the FAC's allegations of willfulness are insufficient, and that the FAC fails to adequately allege actual damages. (Doc. 11 at 5-7.) It is unnecessary to resolve those arguments in light of the determination that the FAC is subject to dismissal for other reasons.

- 3 -

specific disputes, and specific reinvestigation results." (Doc. 12 at 1.) Plaintiff adds that he "disputed the reporting because *he believed* the information appearing on his consumer reports was inaccurate, incomplete, misleading, and failed to accurately reflect the status of the accounts after charge-off and collection activity." (*Id.* at 2, emphasis added.) In reply, Trans Union contends that "Plaintiff simply restates that he 'disputed the reporting because he believed the information appearing on his consumer report was inaccurate, incomplete, misleading, and failed to accurately reflect the status of the accounts after charge-off and collection activity' without actually specifying what was inaccurate about the reporting or, what the correct reporting should have included." (Doc. 13 at 2-3.) Trans Union concludes: "Without such details, Plaintiff has only alleged his own subjective belief that there is inaccurate information in Trans Union's credit report and, therefore, has not alleged a factual inaccuracy under the FCRA." (*Id.* at 3.)

Trans Union has the better of this argument. The FAC does not identify a specific inaccuracy in Trans Union's reporting. Instead, it vaguely references various categories of information and then suggests that Plaintiff subjectively believed that some unspecified aspect of Trans Union's reporting regarding those categories of information was inaccurate. More is required to state a valid claim under the FCRA. *See, e.g., Dixon v. TransUnion Consumer Sols.*, 2025 WL 2835480, *2 (N.D. Fla. 2025) ("Plaintiff fails to clearly identify any of the incorrect information in his TransUnion consumer credit report. His previous complaint suffered from the same deficiency, and Plaintiff was told that he must explain exactly *what* information is inaccurate and *how* the information is inaccurate. Despite this instruction, Plaintiff included only generalized and unspecific allegations in the amended complaint. Plaintiff's assertions lack any factual enhancement, such as descriptions of what he found inaccurate about his report. Plaintiff has failed to provide factual support for his allegation that Trans Union inaccurately reported his credit, and his subjective belief that his credit report was inaccurate is insufficient. As such, Plaintiff has failed to plausibly state a claim under § 1681e(b).") (cleaned up); *Saho v. Equifax, Inc.*, 2019 WL 11499337, *5 (N.D. Ga. 2019) ("[W]hile Saho alleges in a conclusory fashion

that he contacted Equifax about an inaccuracy in his credit report, he does not describe the purported inaccuracy with any particularity in his complaint. That is, none of Saho's assertions are enhanced factually with specific dates of occurrence or descriptions of what he found inaccurate about his report, how or when any alleged inaccuracy affected his alleged credit denials, or the specific disputes he made and Equifax's reinvestigation and results. In short, Saho has failed to provide factual support for his allegation that Equifax inaccurately reported his credit, and his subjective belief that his credit report was inaccurate is insufficient. Thus, because he has failed to allege with any specificity an inaccuracy within the meaning of the FCRA, Saho's claims under either § 1681e(b) or § 1681i(a)(1) are insufficient to survive Equifax's motion to dismiss.") (cleaned up); *Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016) ("[Plaintiff's] belief that the trade line was misleading is only her opinion. . . . [A] personal opinion such as Plaintiff's constitutes mere speculation that the notation was misleading and is insufficient to support a claim of inaccuracy under the FCRA.") (internal quotation marks and citations omitted).

### C. Leave To Amend

Trans Union argues that "leave to amend should not be granted" because "Plaintiff has repeatedly proven that he cannot plead plausible claims for relief against Trans Union," "any amendment to the Amended Complaint would be futile," "Plaintiff cannot manipulate the facts to state a claim under the FCRA based on mere conjecture that the information being reported by Trans Union is somehow inaccurate," and "despite the opportunity to do so, Plaintiff has failed to address the deficiencies of his Complaint in his First Amended Complaint." (Doc. 11 at 7, capitalization omitted.) Plaintiff disagrees, arguing that "[e]ven if the Court determines that additional factual detail is required, dismissal with prejudice is not warranted" because "Plaintiff is a pro se litigant" and "Plaintiff can provide additional factual allegations" to address the areas of alleged deficiency identified by Trans Union. (Doc. 12 at 4-5.)

The rule in the Ninth Circuit is that "[a] district court should not dismiss a pro se

complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up). Furthermore, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Given these standards, the Court will grant Plaintiff leave to amend. Rule 15(a) of the Federal Rules of Civil Procedure "advises the court that leave shall be freely given when justice so requires." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up). "This policy is to be applied with extreme liberality." *Id.* (cleaned up). Thus, leave to amend should be granted unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Here, although Trans Union's futility arguments are not without force, it seems at least possible that Plaintiff could plead new facts sufficient to cure the deficiencies identified above. Furthermore, although it is understandable why Trans Union would be frustrated with Plaintiff's refusal to voluntarily amend the FAC after being advised of the deficiencies that Trans Union intended to raise in its Rule 12(b)(6) motion (and that Trans Union previously raised in its motion for a more definite statement, *see* Doc. 5), this order marks the first time the Court has notified Plaintiff of those deficiencies. *United States ex rel. Relator, LLC v. Erskine*, 2026 WL 2041561, *7 (9th Cir. 2026) ("In denying leave to amend, the district court noted that CalCon and Erskine had challenged this theory in their motion to dismiss the original complaint, and that Relator failed to cure the pleading deficiency when it voluntarily amended its complaint. We have never held that failing to cure all pleading deficiencies after a single, voluntary amendment necessarily means further amendment would be futile. To the contrary, our precedents indicate that the '*[r]epeated* failure to cure deficiencies by amendments previously allowed' is indicative of the futility of future amendment. Relator here elected to amend its complaint as a matter

of course after CalCon and Erskine filed a motion to dismiss but before the district court had an opportunity to address the arguments presented therein.  In other words, when it filed its amended complaint, Relator did not have the benefit of a court order identifying specific deficiencies in its pleading.  When it issued its order crediting CalCon and Erskine's challenge to the employee headcount theory, the district court should have given Relator an opportunity to amend its complaint to address the district court's concerns.") (citations omitted).

Accordingly, Plaintiff is granted leave to amend.  But the grant of leave to amend is limited in scope—Plaintiff may only plead new facts intended to establish a specific inaccuracy, to establish specific shortcomings in Trans Union's reinvestigation and procedures, to establish willfulness, and to establish actual damages.  Plaintiff may not add new claims.

II.    Motion To Restrict Access

Trans Union states that "the state-court record filed in connection with removal . . . contains unredacted personal identifying information" and thus asks the Court to "destroy" those portions of the state-court record, which appear at Docs. 1-3 and 1-4, and replace them with redacted versions. (Doc. 14.)  This request is unopposed. (*Id.*)

Although the Court cannot "destroy" materials that had been filed on the docket, it can effectively achieve the result that Trans Union desires by sealing those portions of the docket.  Trans Union has already provided redacted versions of those documents, which appear at Doc. 14-1 and Doc. 14-2.

…

…

…

…

…

…

…

…

- 7 -

Accordingly,

**IT IS ORDERED** that:

1.    Trans Union's motion to dismiss (Doc. 11) is **granted**.  The FAC (Doc. 7) is dismissed.

2.    Within 14 days of the issuance of this order, Plaintiff may file a Second Amended Complaint ("SAC").  The changes shall be limited to addressing the deficiencies identified above.   Plaintiff shall, consistent with LRCiv 15.1, attach, as an exhibit, a redlined version of the pleading showing any changes made from the FAC.

3.    If Plaintiff does not file a SAC within 14 days of the issuance of this order, the Clerk shall enter judgment accordingly and terminate this action.

4.    Trans Union's motion to restrict access (Doc. 14) is **granted**.  The Clerk shall **seal** the docket entries appearing at Doc. 1-3 and Doc. 1-4.

Dated this 23rd day of July, 2026.

Dominic W. Lanza
United States District Judge